# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **C&S OUTDOOR POWER EQUIPMENT, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1:19-cv-01029-STA-jay |
| ) | |
| **ODES INDUSTRIES LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS
## AND
## GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE
## AND
## TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION

Before the Court is Defendant's Motion to Dismiss, or alternatively to Transfer Venue, which was filed on March 21, 2019. (ECF No. 12.) Plaintiff responded in opposition (ECF No. 16), to which Defendant replied. (ECF No. 17.) For the reasons that follow, Defendant's Motion to Dismiss is **DENIED**, but its unopposed Motion to Transfer is **GRANTED**.

## BACKGROUND

ODES Industries LLC ("ODES") is a manufacturer of utility terrain vehicles and all-terrain vehicles. (ECF No. 12 at 2.) ODES is organized in and has its principal office in Texas. (*Id.*) C&S Outdoor Power Equipment, Inc. ("C&S") is an outdoor power equipment dealership in Huntingdon, Tennessee. (*Id.*; ECF No. 16 at 2.) C&S became an authorized dealer of ODES's products in 2015. (ECF No. 16 at 2.) The parties voluntarily agreed to three

1

consecutive dealer franchise agreements, which have since governed the terms of their relationship. (*See id.* at 2, 4; ECF No. 12-2; ECF No. 12 at 2; ECF No. 16-2.)

On February 14, 2019, Plaintiff filed suit in this Court pursuant to the Court's diversity jurisdiction. (ECF No. 1.) Plaintiff alleges that Defendant (1) breached the parties' dealer franchise agreement ("Agreement"), (2) violated the Tennessee Motorcycle and Off-Road Vehicle Dealer Fairness Act, and (3) engaged in unfair or deceptive business practices. (*Id.*)

Because Plaintiff filed its suit in Tennessee—instead of Texas—Defendant asks the Court to enforce a mandatory forum-selection clause contained in the parties' Agreement by dismissing this action, pursuant to Federal Rule of Procedure ("FRCP") 12(b)(6). (ECF No. 12 at 3-5.) Alternatively, Defendant asks the Court to transfer venue, pursuant to 28 U.S.C. § 1404(a), to the appropriate United States District Court in Texas. (*Id.* at 5-10.) The Court, therefore, first looks to the Agreement between the parties.

In March of 2017, the parties signed and entered into their third Agreement, which is the contract at issue. (*See* ECF No. 12-2; ECF No. 12 at 2; ECF No. 16 at 2.) Within the General provisions of the Agreement, Paragraph H provides that:

> This Agreement and any matters that relate to this Agreement or its performance shall be governed and construed in accordance with the laws of the State of Texas and the Parties mutually consent to the jurisdiction of the courts of the State of Texas and of the Federal District Court, Central District of Texas.[1] This agreement will be ONLY governed by the laws of the State of Texas.

(ECF No. 12-2 at ¶ H (emphasis in original).) As the basis for its Motion, Defendant specifically relies on a later portion of that paragraph, which dictates:

---

[1] There is no United States District Court for the Central District of Texas. *See* 28 U.S.C. § 124 ("Texas is divided into four judicial districts to be known as the Northern, Southern, Eastern, and Western Districts of Texas.") In accordance with the remainder of Paragraph H, the Court assumes that the parties' intended forum is the United States District Court for the Northern District of Texas, Fort Worth Division.

2

> Each Party agrees that any legal action, litigation, or proceeding arising from or relating to this Agreement or its performance, shall exclusively be filed in a State or District court in (venue) Fort Worth, Texas, and each Party irrevocably and unconditionally submits to the exclusive jurisdiction of these courts.

(*Id.*) The forum-selection clause and Plaintiff's nonconforming filing in this Court is the subject of Defendant's Motion to Dismiss and alternative Motion to Transfer. (*See* ECF No. 12.)

Plaintiff, however, contends that the Agreement's own terms allow Plaintiff's filing in this Court. (ECF No. 16 at 6-9.) Plaintiff begins by noting that two sentences after the clause on which Defendant relies, the Agreement provides that "[s]ome state laws will vary by state, [so] please check with your state on its applicable laws and regulations which might supersede this agreement and or be enforceable by that state." (*Id.* (citing (ECF No. 12-2 at ¶ H).) Plaintiff also relies on paragraph C, which, too, is within the General provisions of the agreement. (*Id.* at 6 (citing ECF No. 12-2 at ¶ C).) Paragraph C provides:

> If any provision herein contravenes the valid laws or regulations of any state or other jurisdiction wherein this Agreement is to be performed, or denied [sic] access to the procedures forums or remedies provided for such laws of [sic] regulations such provisions shall be deemed to be modified to conform to such laws or regulations, and all other terms and provisions shall remain full force and effect.

(ECF No. 12-2 at ¶ C.)

Plaintiff asserts that these two provisions modify the Agreement so as to conform to state law in Tennessee, where Plaintiff is an authorized dealer of Defendant's products. (ECF No. 16 at 7.) According to Plaintiff, such a modification incorporates Tennessee state law, which forbids forum-selection clauses in matters such as these. (*Id.*) Specifically, Plaintiff points to the Tennessee Motorcycle and Off-Read Vehicle Dealer Fairness Act, which provides, in part, that "[a]ny contractual term restricting the procedural or substantive rights of a dealer under this part, including a choice of law or choice of forum clause, is void." Tenn. Code. Ann. § 47-25-

1913(b). Plaintiff contends that the Agreement itself defers to state law, thereby effectively nullifying the parties' forum-selection clause. (ECF No. 16 at 7-9.) Defendant refutes this assertion. (ECF No. 17.)

## ANALYSIS

Before considering the merits of Defendant's Motion, the Court must determine whether the forum-selection clause is valid in accordance with basic tenants of contract law. The Court will then address Defendant's Motion to Dismiss before, finally, addressing Defendant's alternative Motion to Transfer.

### I. THE FORUM-SELECTION CLAUSE IS VALID AND MANDATORY.

The threshold issue in this case concerns principles of contract construction and interpretation. The Court must determine whether the Agreement's own terms allow Tennessee's law to nullify the forum-selection clause. For the following reasons, the Court finds that they do not.

The Court must apply "ordinary principles of contract law" when reviewing the Agreement. *Tackett v. M & G Polymers USA, LLC*, 811 F.3d 204, 208-09 (6th Cir. 2016) [hereinafter *Tackett*]. The "ordinary principles" relevant to the dispute at hand include as follows: (1) the parties' intentions control; (2) if the words of the written instrument are clear and unambiguous, "its meaning is to be ascertained in accordance with its plainly expressed intent"; (3) the written instrument "is presumed to encompass the whole agreement of the parties"; and (4) "traditional rules of contractual interpretation require a clear manifestation of intent before conferring a benefit or obligation." *Id.* at 208 (quoting *M & G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926, 933-37 (2015) [hereinafter *M & G Polymers*]). Additionally, "the intention of the parties, to be gathered from the whole instrument, must prevail." *Id.* (quoting *M*

4

*& G Polymers*, 135 S. Ct. at 937-38 (Ginsburg, J., concurring)). And in cases where the contract *is* ambiguous, the Court "may consider extrinsic evidence to determine the intentions of the parties." *Id.* at 208-09 (quoting *M & G Polymers*, 135 S. Ct. at 937-38 (Ginsburg, J., concurring)).

Here, Defendant contends that the parties' "intent and expectations could not have been clearer": they would resolve any and all disputes in the forum designated by the parties in the forum-selection clause. (ECF No. 17 at 1.) Plaintiff, however, contends that "[t]he parties specifically bargained for state law to control the issue of forum selection." (ECF No. 16 at 7.)

As ordinary principles dictate, the Court looks to the language of the clause. The forum-selection clause states that the parties "agree[] that any . . . litigation . . . arising from or relating to this Agreement or its performance, shall *exclusively* be filed in a State or District court in (venue) Fort Worth, Texas, and each Party *irrevocably* and *unconditionally* submits to the exclusive jurisdiction of these courts." (ECF No. 12-2 at ¶ H (emphasis added).) The Court finds that this language is clear and unambiguous. It plainly expresses the intent of the parties to avail themselves to the courts in Texas—and only in Texas.

Moreover, the forum-selection clause is not only valid on its face, but it is also mandatory. The Fifth Circuit has explained that:

> A mandatory [forum-selection clause ("FSC")] affirmatively requires that litigation arising from the contract be carried out in a given forum. By contrast, a permissive FSC is only a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum. Only mandatory clauses justify transfer or dismissal. An FSC is mandatory only if it contains clear language specifying that litigation must occur in the specified forum-and language merely indicating that the courts of a particular place "shall have jurisdiction" (or similar) is insufficient to make an FSC mandatory.

*Weber v. PACT XPP Techs.*, AG, 811 F.3d 758, 768 (5th Cir. 2016); *Scepter, Inc. v. Nolan Transp. Grp., LLC*, 352 F. Supp. 3d 825, 830-31 (M.D. Tenn. 2018) (finding that the forum-

selection clause was permissive, not mandatory, because the parties merely agreed to (1) submit to a specific jurisdiction and (2) waive objections to that jurisdiction and venue). In short, "[a] mandatory forum-selection clause grants exclusive jurisdiction to a selected forum, while a permissive forum-selection clause only reflects the contracting parties' consent to resolve disputes in a certain forum, but does not require that disputes be resolved in that forum." *Macsteel Int'l USA Corp. v. M/V Larch Arrow*, 354 F. App'x 537, 539 (2d Cir. 2009); *see also Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 926-27 (10th Cir. 2005) ("The difference between a mandatory and permissive forum-selection clause is that '[m]andatory forum-selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum, [while] permissive forum-selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." (citation omitted)); *N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one.").

Here, the Agreement dictates that a suit "shall exclusively" be litigated in "a State or District court in . . . Fort Worth, Texas." (ECF No. 12-2 at ¶ H.) The parties go on to state that they "*irrevocably* and *unconditionally*" agree to submit themselves to the Texas state and federal courts' jurisdiction. (*Id.* (emphasis added).) The parties did not merely waive personal jurisdiction and venue objections. Rather, the parties mandated that any and all actions *shall exclusively* be filed in the forum designated by the clause. Despite this language, Plaintiff contends that other language within the Agreement allows for not only modification—but nullification—of the forum-selection clause.

The Court finds Plaintiff's argument unpersuasive. The portion of Paragraph H on which Plaintiff relies merely informs the parties to consult other state laws and regulations, as they (1) *might* supersede the parties' agreement or (2) *might* be enforceable by that state. (ECF No. 16 at 5 (citing ECF No 12-2 at ¶ H).) This language is cautionary and is far from the unequivocal language used in the earlier portion of the paragraph where the parties designated their exclusive forum.

Plaintiff's reliance on Paragraph C is similarly unavailing in nullifying the forum-selection clause. Paragraph C provides a modification clause and a severability clause. (*See* ECF No 12-2 at ¶ C.) Plaintiff, however, is not seeking to modify a provision of the Agreement; rather, it seeks to effectively nullify a provision of the Agreement. (ECF No. 16 at 6-8.) Such nullification is not contemplated by the Agreement. To interpret the forum-selection clause otherwise would be unreasonable, given its unequivocal language—strong language that is only used to such a degree in the context of forum selection. (*See* ECF No. 12-2.) While there are provisions of the Agreement to which Paragraph C might apply, the forum-selection clause is not one of those provisions.

Because the Agreement is clear and unambiguous and the writing represents the entire agreement between the parties, the Court has no reason to consider any other evidence. But if the language were ambiguous—which it is not—the Court could consider extrinsic evidence, including that of prior relations between the parties. Still, the Court is persuaded by Defendant's argument.

As Defendant notes, there would be no purpose for revising the forum-selection clause if the parties intended that it could be modified through the provisions of the contract referencing state law. (*See* ECF No. 17 at 5.) The Agreement is the third dealer franchise agreement to

7

which Plaintiff and Defendant have entered. (ECF No. 16 at 2.) Defendant asserts that the 2016 agreement between the parties designated Florida as the exclusive forum. (ECF No. 17 at 4-5.) The 2017 Agreement was revised to designate Texas as the exclusive forum. (*Id.*) Tennessee has never been a designated forum. (*Id.*) Such a revision further supports the parties' clear intentions to avail themselves to the Texas courts.

The Court will not "unnecessarily disrupt the parties' settled expectations." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 66 (2013). Here, the four corners of the Agreement clearly express the parties' clear and unambiguous intention to submit to the exclusive jurisdiction of the State or District court in Fort Worth, Texas. (*See* ECF No. 12-2 at ¶ H.)

The Agreement's clause should be upheld absent a strong showing that it should be set aside. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). Plaintiff bears the burden of making such a showing. *Id.* (citing *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995)). The Court weighs three factors when considering such an argument regarding enforceability: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Id.* (citing *Sec. Watch Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)). Plaintiff has not made—or even attempted to make—such a showing. Because the forum-selection clause is valid and mandatory, it will be enforced.

**II. PURSUANT TO THE COURT'S DISCRETION, DEFENDANT'S MOTION TO DISMISS IS DENIED.**

As an initial matter, the Court need not decide which state law applies to the contract, as the enforceability of the forum-selection clause is a matter of federal procedure that is governed

by federal law. *Wong*, 589 F.3d at 827-28. The question then arises as to the proper procedural mechanism to enforce the forum-selection clause. The parties have both addressed this issue, resulting in opposing arguments and conclusions. Defendant urges the Court to dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(6) (ECF No. 12 at 3), while Plaintiff urges the Court to transfer the case pursuant to 28 U.S.C. § 1404(a) (ECF No. 16 at 11).

The Supreme Court has explicitly declined to say whether a defendant can obtain dismissal pursuant to FRCP 12(b)(6) when a plaintiff files its suit in contravention of the parties' forum-selection clause. *Atl. Marine Constr. Co.*, 571 U.S. at 62-63. The Sixth Circuit, however, has implied that a Rule 12(b)(6) motion is procedurally proper. *See Langley v. Prudential Mortg. Capital Co.*, 546 F.3d 365 (6th Cir. 2008) (remanding the case with an instruction to the district court to "entertain a motion to enforce the forum selection clause" through either a motion to transfer venue under 28 U.S.C. § 1404(a) or a motion to dismiss under FRCP 12(b)(6) for failure to state a claim); *see also Sec. Watch, Inc.*, 176 F.3d at 374-76 (in a diversity action, affirming dismissal pursuant to an unspecified Rule 12(b) motion due to valid forum-selection clause); *cf. Gouge v. Microbac Labs., Inc.*, No. 3:11-CV-143, 2011 WL 3876919, *3-4 (E.D. Tenn. Sept. 1, 2011) (finding that "[t]he appropriate procedural mechanism for the transfer of a case between districts in the federal court system is [transfer pursuant to] 28 U.S.C. § 1404," instead of dismissal pursuant to FRCP 12(b)(6)).

Ultimately, "[w]here a case is improperly filed in contravention of a forum-selection clause, the Court has the discretion to either dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or to transfer the case in accordance with Rule 1404(a)." *Scepter, Inc.*, 352 F. Supp. 3d at 830 (citing *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 934 (6th Cir. 2014)); *Kelly v. Liberty Life Assurance Co. of Boston*, No. 17-139-DLB, 2018 WL

558643, at *4 (E.D. Ky. Jan. 25, 2018) (stating that, pursuant to *Smith*, "this Court is permitted to dismiss the matter under Rule 12(b)(6), but not required to do so. Pursuant to 28 U.S.C. § 1404(a), it may also transfer the matter to the appropriate federal forum."); *Kresser v. Advanced Tactical Armament Concepts, LLC*, No. 3:16-cv-255, 2016 WL 4991596, at *3 (E.D. Tenn. Sept. 16, 2016) (noting discretion to dismiss or transfer based upon *Smith*).

Here, while Defendant urges the Court to dismiss the case, it alternatively asks the Court to transfer the case to the venue designated by the parties in their Agreement. Plaintiff opposes dismissal but does not oppose transfer. The Court finds that transfer, as opposed to dismissal, is a more appropriate means of enforcing the forum-selection clause as it better honors the parties' intentions. Therefore, Defendant's Motion to Dismiss is **DENIED** in favor of transfer.

### III. DEFENDANT'S ALTERNATIVE MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a) IS GRANTED.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Where a defendant files a Section 1404(a) motion pursuant to a forum-selection clause, the "district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine Constr. Co.*, 571 U.S. at 52. Generally, "'in ruling on a motion to transfer under Section 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of "interests of justice."'" *Scepter, Inc.*, 352 F. Supp. 3d at 831-32 (quoting *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir.1991))).

Because the parties only have the power to contractually agree as to one of these factors—namely, the parties' convenience—the forum-selection clause is not dispositive. It does, however, affect the Court's analysis.

In light of the valid forum-selection clause, the Court's standard Section 1404(a) calculus changes. *Atl. Marine Constr. Co., Inc.*, 571 U.S. at 62-63 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). First, while courts normally defer to the plaintiff's choice of forum, when a valid forum-selection clause exists, the "plaintiff's choice of forum merits no weight." *Id.* at 63. Rather, a plaintiff must establish that transferal to the pre-selected venue is unwarranted. Here, Plaintiff makes no such argument.

"Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider the parties' private interests," as they parties waived that right upon agreeing to the forum-selection clause. *Id.* at 64. Therefore, the private interest factors weigh entirely in favor of the Agreement's designated forum. *See id.* (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17-18 (1972)).

Consequently, the Court may only consider arguments as to the public-interest factors. *Id.* And because public interest factors rarely defeat a motion to transfer venue, the forum-selection clause generally controls—the exception being in unusual cases. *Id.* Plaintiff, the party acting in violation of the forum-selection clause, bears the burden of showing that "public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67. No such showing has been made. "In all but the most unusual cases . . . 'the interest of justice' is served by holding parties to their bargain." *Id.* at 66. The Court will not unnecessarily disrupt the parties' settled expectations regarding their their choice of forum. *See id.*

The Court finds that the interest of justice is best served through transfer. The private-interest factors clearly weigh in favor of transfer, pursuant to the parties' valid forum-selection clause. The public-interest factors, too, favor transfer, absent any showing to the contrary. Thus, pursuant to 28 U.S.C. § 1404(a), transfer in accordance with the parties' Agreement is the appropriate means for enforcing the forum-selection clause.

## CONCLUSION

The Court finds that the Agreement contains a valid, mandatory, enforceable forum-selection clause, pursuant to which, transfer is appropriate. Therefore, Defendant's Motion to Dismiss is **DENIED**, and its unopposed Motion to Transfer is **GRANTED**. This case is hereby **TRANSFERRED** to the United States District Court for the Northern District of Texas, Fort Worth Division, in accordance with Paragraph H of the parties' Agreement.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: September 4, 2019.